**NIEDWESKE BARBER, LLC**
98 Washington Street
Morristown, NJ 07960
Tele:   (973) 401-0064
Fax:    (973) 401-0061
www.n-blaw.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL KRAYNANSKI and GARY S. BOOTES,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF NEWARK, NEW JERSEY,<br><br>Defendant. | Civil Action No.<br><br>**COMPLAINT**<br>*Jury Trial Demanded* |

Plaintiffs Michael Kraynanski ("Plaintiff Kraynanski") and Gary S. Bootes ("Plaintiff Bootes") (collectively herein referred to as "Plaintiffs"), through their attorneys Niedweske Barber, LLC, 98 Washington Street, Morristown, New Jersey, 07960, by way of Complaint against the City of Newark, New Jersey ("Defendant City"), state as follows:

### THE PARTIES

1.     Michael Kraynanski resides at 112 S. Hillside Avenue, Township of Roxbury, County of Morris, State of Jersey. During all relevant times to this action, Plaintiff Kraynanski was employed s a Police and Canine Officer for the Defendant City.

2.     Gary S. Bootes resides at 25 Heritage Drive, Township of East Hanover, County of Essex, State of New Jersey. During all relevant times to this action, Plaintiff Bootes was employed as a Police and Canine Officer for the Defendant City.

3. Defendant City, during all relevant times to this action, was and is a governmental entity organized under the laws of the State of New Jersey, with its principal offices located at 920 Broad Street, City of Newark, County of Essex, New Jersey.

## JURISDICTION

4. This Court has original subject matter jurisdiction over this lawsuit pursuant to 29 U.S.C. § 1331.

## VENUE

5. Venue is properly laid in this district court pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. 201, et seq. ("FLSA") because the duty and violations alleged herein occurred in this district and Defendant City does business and is found in this district.

## FACTUAL BACKGROUND

6. From August 1997 to January 2008, Plaintiff Kraynanski worked as a Canine Officer for Defendant City.

7. From January 1996 to July 2007, Plaintiff Bootes worked as a Canine Officer for Defendant City.

8. As Canine Officers, Plaintiffs were responsible for their respective canine unit dogs.

9. The care of the canine unit dogs involved training, walking, feeding, grooming, cleaning up after, bonding, and, in general, tending to all of the needs of these highly trained, integral members of Defendant City's Police Department.

10. Since the canine unit dogs lived at Plaintiffs' homes, the responsibility for the care of the dogs was performed three hundred and sixty-five (365) days per year and additional

hours over and above Plaintiffs' regularly scheduled eight (8) hour workday or forty (40) hour workweek.

11. Plaintiffs received time and one-half over their regular hourly wage rate after working eight (8) hours in a given day or forty (40) hours in a given week.

12. Plaintiffs never received compensation for the time spent caring for and maintaining their dogs over and above their regularly scheduled eight (8) hour day or forty (40) hour workweek.

13. Defendant City was fully aware that the care of canine unit dogs was deemed by the courts in New Jersey as reasonably related to the principal activity of canine unit officers.

14. Defendant City was fully aware of Plaintiffs' entitlement to overtime compensation for the care of the canine unit dogs.

15. Despite Defendant City's knowledge, Defendant City refused to pay Plaintiffs' overtime compensation for the care of the canine unit dogs.

16. As a result of Defendant City's actions, Plaintiffs have suffered and continue to suffer substantial and severe monetary damages.

## COUNT ONE
### (Violation Of FLSA)

17. Plaintiffs repeat the allegations set forth in all prior paragraphs of this Complaint as if set forth at length herein.

18. The actions of Defendant City violate the FLSA in that Plaintiffs never received time and one-half their regular hourly wage rate for time worked over eight (8) hours in a workday or forty (40) hours in a workweek in caring for their dogs.

19. As a result of these violations by Defendant City, Plaintiffs have and continue to suffer damages.

3

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs prays as follows:

A.  That the Court award Plaintiffs' back pay;

B.  That the Court award Plaintiffs' liquidated damages

C.  That the Court award Plaintiffs' interest, attorneys' fees, and costs of suit

D.  That the Court grant such other relief as may be just and proper.

## JURY TRIAL DEMANDED

Plaintiffs demand jury trial of all issues so triable in this case.

Respectfully submitted,
**NIEDWESKE BARBER, LLC**

Dated:   February 20, 2008       By: s/ Kevin E. Barber
                                 Kevin E. Barber (KEB 8629)
                                 98 Washington Street
                                 Morristown, New Jersey 07960
                                 www.*N-B*Law.com
                                 kbarber@*N-B*Law.com
                                 Counsel for Plaintiffs

F:\LJN DOCS\Docs\Kraynanski, Michael\PLEADINGS\KRAYNANSKI - District Court Complaint .doc